In the Matter of the Petition of FRANK FETZER for the Registration of the Title to Lands in the County of New York — No. 645 Lexington Avenue.

(Supreme Court, New York Special Term, October 1918.)

Title — registration of, under Real Property Law, § 385, as amended by chapter 572 of Laws of 1918 — notice of application — description of property in, need not be full.

    While in a proceeding for the registration of title under ·section 385 of the Real Property Law, as amended by chapter 572 of the Laws of 1918, notice of the application to adjoining

owners of land included in the petition may be by registered mail demanding a return, it is preferable that actual notice be given.

The description of the property in the notice need not be full; and where the street number of the property intended is given, and the description is otherwise ample to give general notice to an interested person of the property to be registered, the notice is sufficient.

PETITION for the registration of the title to lands in the county of New York under the Land Title Registration Act (Real Prop. Law, §§ 370–435), as amended by chapter 572 of the Laws of 1918.

Walter Fairchild, for petitioner.

Merton E. Lewis, attorney-general.

Rollins & Rollins (Henry Crofut White, of counsel), for George E. Stuckey, an abutting owner.

OTTINGER, J.   This is an application for registration of title under the provisions of the Real Property Law, as amended by chapter 572 of the Laws of 1918.   An adjoining owner named Stuckey, who has appeared herein by an attorney, raises certain objections to the proceedings.   The first objection is that although the notice required by the statute was actually received by Stuckey, and was followed by an appearance by an attorney, the proceedings are defective because the notice was sent to Stuckey at the wrong address, but was finally forwarded to the right address.   The contention is too technical to be sustained.   The provision of section 385 of the act, so far as it relates to adjoining owners, is that the court shall, so far as possible, require proof of " actual notice to all adjoining owners," and this is followed by the statement that

'' notice to such persons by mail shall be by registered letter demanding a return.'' The receipt of actual notice is, therefore, the main requirement of the statute in this regard, and if such notice be received it would appear that notice by mail is not even necessary. The fair inference from the language of the statute is that if notice is given by mail it shall be by registered letter demanding a return, but it is preferable to have actual notice. The next objection relates to the description in the notice. The street number of the property was mentioned, also the width of the frontage on the avenue, and the distance of the point of beginning from the nearest corner, as well as a statement of the depth of the plot. The description, however, failed to indicate whether or not the depth of the lot was parallel to the nearest street, or, indeed, in what direction such lines ran. If the statute required the notice to contain an accurate description such notice would plainly be insufficient. The act, however, draws a distinction between the description which is required in the petition and that to be contained in the notice. Under section 379 the petition is required to contain an '' adequate description,'' whereas section 380 requires the examiner's report to contain '' a short form of description of the property * * * which form is to be used in the notice provided for by section 386.'' In my judgment, the form of description in the notice is sufficient if it fairly calls the attention of adjoining owners or others interested to the particular property intended, and it need not contain all the elements of a full description. In the instant case, the fact that the property was described by street number and that the description is otherwise ample to give general notice to an interested person of the property to be registered is sufficient. Upon such

person being thus notified, if the question of the exact description of the property becomes important, he may ascertain it from the petition. In this particular case all of the interested parties have received notice, and no objection to the registration of title is made except by the adjoining owner aforementioned. Application to register the title is granted.

Application granted.