Matter of the Petition of GEORGE F. KETCHUM and EVELEN G. KETCHUM, His Wife, Residing at Warwick, County of Orange, State of New York, for the Registration of Title to Real Property Owned by Them Situated at Nos. 154 and 156 St. James Place, Borough of Brooklyn, City of New York.

(Supreme Court, Kings Special Term, August, 1920.)

Title — when application for registration of, denied — notice of pendency — deeds — adverse possession — Real Property Law, §§ 379(e), 382.

    In counties having registrars of deeds their offices and that of the county clerk are separate, and the notice of pendency required by section 382 of the Real Property Law should be filed in both offices on the same day that a petition for the registration of title is filed.

The failure to file such notice in the office of the registrar at the time of the filing of the petition, though an irregularity, is not a jurisdictional defect, and where the notice is filed before an application is made for the final order of registration, the irregularity may be disregarded.

Under section 379(e) of the Real Property Law the final order directing a registration of title must be founded upon " an adequate description of the land " and where an amendment, granted *nunc pro tunc,* leaves the description of the property vague and unsatisfactory in form, the petition should be further amended so as to show the true distance of the point of beginning and the true dimensions of the premises.

Objections relating to or growing out of errors in the description in certain deeds in the chain of title, all of which defects the petitioner claims are covered by adverse possession, considered, and *held,* that the proof of adverse possession was inadequate and the application denied but without prejudice to a renewal thereof on the removal of the several grounds of objection urged.

PROCEEDING for registration of title.

Gilbert Ray Hawes, for petitioner.

Charles D. Newton, attorney-general, by William J. Smith, deputy attorney-general, for the People of the State of New York.

BENEDICT, J. This is a proceeding for the registration of title. No answer has been filed and no person appears to oppose the registration except the attorney-general, who raises a number of objections, which I shall consider.

1. The objection that the notice of pendency required by section 382 of the Real Property Law was not filed in the office of the registrar at the time of filing the petition, is not, I think, fatal to the proceeding. Where the offices of registrar and county clerk are separate (as is the case in the counties having registers of deeds), the notice of pendency should be filed in both offices on the same day the petition is filed.

Supreme Court, August, 1920.          [Vol. 113.

This seems to be the only possible construction of the section in view of the provision requiring the notice filed with the registrar to be noted on the "tickler certificate book," which could not be done if notice need only be filed with the county clerk in such counties. The notice **was**, however, filed with the registrar some time later. The defect is not jurisdictional, however, but is an irregularity merely, especially since the section provides that the notice "shall constitute notice of the pendency of the petition and of the proceeding, and shall be governed in all respects by the same rules as a notice of pendency of an action," under sections 1670–1674 inclusive of the Code of Civil Procedure. Failure to file a notice of pendency with the complaint does not affect the jurisdiction of a court in an action, and in view of the provision above quoted, the failure to file the notice cannot be held to be jurisdictional in this proceeding; the notice having been filed in the registrar's office some time before the application for final order of registration, the irregularity is one which may be disregarded.

2. The next objection relates to the description of the premises in the petition and the notice of hearing. The petition describes a parcel of land beginning at a point on the westerly side of St. James place at the center of a party wall standing partly on the premises and partly on the lot next adjoining on the south, distant northerly from the northwesterly corner of Gates avenue and St. James place 228 feet nine and one-half inches, and being 100 feet in depth by 25 feet and two-twelfths of an inch in width. It appears from the survey that the center of the party wall is located 228 feet five inches northerly from the said corner. After service of the notice of hearing, which contained the same form of description, the petition was

amended *nunc pro tunc* " so as to include within the property sought to be registered, the four inch strip on the northerly boundary of said property referred to in said description." This amendment leaves the description vague and unsatisfactory in form. The final order directing registration must be founded upon " an adequate description of the land " (Real Prop. Law, § 379, subd. e), such as is contained in the proposed final order, and the description in the petition and final order should correspond. The petition should, therefore, be further amended so as to show the true distance of the point of beginning from the corner, and the true dimensions of the premises.

I think that a new notice of hearing should also be given. It has been held that a complete description of the premises is not required in the notice (Real Prop. Law, §§ 380, 386; *Matter of Fetzer,* 104 Misc. Rep. 442); but the description should be accurate, so far as it goes, and if a full description be given which is inaccurate in so substantial a particular as a difference of four inches in width, the notice is insufficient to support a final order for the registration of title of the premises by a different description.

3. All of the remaining objections relate to or grow out of errors in the descriptions in certain deeds in the chain of title. In a deed from Mary L. Young to Julia C. Douglass, dated July 1, 1861, and recorded on July 23, 1861, the premises are described as beginning at the center of the party wall above mentioned, which is stated to be 228 feet nine and one-half inches northerly from the corner, and the width of the premises is given as 25 feet one-sixth of an inch. Adding these measurements together would make the northerly line distant from the corner 253 feet nine and two-thirds inches, a distance more than sufficient to include the premises described in the proposed final order

which gives 228 feet five inches as the distance of the starting point from the corner and the width 25 feet four inches.

But as the party wall, which constitutes the monument, was in fact 228 feet five inches from the corner, that controls the distance as given in the deed and leaves about four inches on the northerly side not covered by the deed still standing of record in the name of Mary L. Young or those claiming under her.

Subsequently in 1867 John T. Barnard, being the owner of the premises, conveyed the southerly half thereof to one party and the northerly half to another by such descriptions as leave unconveyed a strip four and one-half inches wide between the two parcels, title to which strip is apparently outstanding of record in him or those claiming under him.

The petitioner claims that these defects in title are cured by adverse possession. The latter defect is claimed also to have been cured by foreclosure, but I do not find any record of any foreclosure which would have that effect. The foreclosure of *Poillon* v. *Wiley* certainly would not be effectual for that purpose.

The proof of adverse possession is, however, inadequate. It extends back only about eighteen years. Furthermore, it appears from the survey that the northerly building on petitioners' premises does not extend the entire width of the strip, but that one corner of the building only projects part way across the strip. No proof of adverse possession is produced so far as the strip apparently remaining in Barnard is concerned.

Furthermore, there should be more detailed proof of efforts on the part of petitioner to find Mary L. Young and John T. Barnard or their respective heirs, devisees, etc. An examination of the surrogate's records in Kings county might disclose all the

facts. Also John T. Barnard or those claiming under him should be made parties to the proceeding, other-wise than by the general sweeping clause against unknown parties.

For these reasons, the application will be denied, but without prejudice to the renewal thereof on the removal of the several grounds of objection above mentioned.

Ordered accordingly.